## KRAUSE v. OREGON STEEL CO.

91 Pac. 442, 92 Pac. 810.

WHAT DECREE IS ENFORCEABLE AFTER APPEAL AND AFFIRMANCE— JURISDICTION TO MODIFY AFTER MANDATE.

1. After an equity case has been tried on appeal and the mandate of the supreme court with the appropriate decree entered in the trial court, the original decree ceases to have any force, the decree ordered by the appellate court takes its place, and the latter is not subject to any change or modification by the circuit court.

APPEAL—RIGHT OF SUPREME COURT TO MODIFY DECREE AFTER CLOSE OF TERM.

2. The rule that by the lapse of the term a court loses jurisdiction of a cause in which a final order has been entered applies to the supreme court as well as to the circuit courts, and after the term the only power remaining in the supreme court is to recall the mandate for the purpose of correcting an error of the court, to settle the cost bill, or to determine some matter relating to the enforcement of the decree; there is no power to modify the decree or judgment in its essential features,

From Clackamas: THOMAS A. MCBRIDE, Judge.

Suit by August Krause against the Oregon Iron & Steel Co., in which the decree of the supreme court was entered in 1904 in the trial court. Defendant moved the circuit court to correct this decree, which that court refused to do, whereupon petitioner appealed. This is the first matter here reported, and the decision of the trial court was affirmed. The defendant then applied directly to the supreme court to recall the mandate, which is the second matter reported, and the motion was denied. Both opinions are reported under one title.

AFFIRMED: MOTION DENIED.

Decided 20 August, 1907.

ON APPEAL FROM ORDER REFUSING TO MODIFY DECREE ENTERED ON MANDATE.

91 Pac. 442.

For appellant there was a brief over the name of *Williams, Wood & Linthicum,* with an oral argument by *Mr. Stewart Brian Linthicum.*

For respondent there was a brief with an oral argument by *Mr. Cicero Milton Idleman.*

Opinion by MR. JUSTICE EAKIN.

1. This cause was tried in the lower court in June, 1901, and appeal taken from the decree therein, and on August 8, 1904, decree was rendered in this court (*Krause* v. *Oregon Steel Co.* 45 Or. 378: 77 Pac. 833), which, upon mandate, was entered in the lower court. Afterward, on May 12, 1905, the defendant, by motion and affidavits, applied to the lower court to have an execution theretofore issued on said decree recalled, and for an order interpreting and modifying, or correcting, said decree in accordance with equity and the intention of that court. The lower court denied the motion, for the reason that it was without jurisdiction to entertain it, from which this appeal is taken.

Counsel for the defendant insists that the lower court had jurisdiction to hear and determine the motion, as it only called for a correction of the decree of that court. The vice of this position is: Counsel assumes that, as the decree below was affirmed in this court, it rests now upon the original decree entered by the lower court; but it is not now the decree of the lower court, except for purposes of enforcement. The cases cited by counsel for defendant in support of its motion only discuss the power of the court over its judgments after the adjournment of the term at which they were rendered, viz., corrections of clerical errors and *nunc pro tunc* entries to make the judgment conform to that pronounced by the court; but they can have no application in such a case as this, and are not authority as to the power of the circuit court to modify a decree of the supreme court, which, upon mandate, is entered there.

In *Welch* v. *Keene,* 8 Mont. 305 (21 Pac. 25), cited by defendant, the appeal was dismissed, which left the original decree rendered in the court below the decree in the case unaffected by the appeal, and is therefore not in point. Elliott, Appellate Procedure, § 576, says: "No modification of the judgment or decree directed by the appellate tribunal can be made by the trial court. No provision can be ingrafted upon it, nor can any be taken from it." And in Section 579, in speaking

of affirmance of judgments at law, he says: "This confirmation operates to a limited extent as a merger, inasmuch as it concludes the trial court and the parties, and absolutely precludes them from modifying or abrogating the judgment affirmed. The authority of the trial court as to all matters involved in the appeal and adjudicated by the judgment there rendered is at an end." In the case at bar, after findings and decree by the lower court, the suit was appealed, and the cause tried anew here upon the law and facts. This court rendered its own decree thereon, which, upon mandate of this court, was entered in the lower court for enforcement, and the original decree rendered by the circuit court thereby became *functus officio,* and the decree of this court is final, and not within the power of the lower court to change or modify. Therefore the lower court was without jurisdiction to entertain the motion, and the order denying it is affirmed.                      AFFIRMED.

---

Decided 17 December, 1907.
## ON MOTION TO RECALL MANDATE.
### 92 Pac. 810.

*Mr. Stewart Brian Linthicum* and *Mr. John Couch Flanders* for the motion.

*Mr. Cicero Milton Idleman, contra.*

Opinion by MR. JUSTICE EAKIN.

This suit was commenced November 6, 1897, for the purpose of enjoining defendant from maintaining a dam in the Tualatin River. The decree of the lower court therein was affirmed by this court on August 15, 1904: *Krause v. Oregon Steel Co.* 45 Or. 378 (77 Pac. 833). The decree of the lower court provides that the dam be abated;

"save and except that portion thereof which extends from the lowermost part of said dam upwards to a height of 24 inches, that is to say * * excepting the lower 24 inches thereof beginning from the lowermost portion thereof."

This court' (opinion by Mr. Justice WOLVERTON), after a thorough review of the evidence, grants a similar decree, and it is claimed now by this motion that the decree of the lower court was intended to permit the dam to be maintained to such height as would raise the water two feet above low water. The fifth finding of fact by the lower court is in the following words:

"That said dam can be maintained at a height of 24 inches above the lowermost portion thereof without injury or damage to the lands of plaintiff, and that the injury above mentioned has been caused by erecting and maintaining said dam to a height of more than 24 inches above the lowermost portion thereof."

Thus a decree for a dam of greater height would not have been supported by the findings. Mr. Justice WOLVERTON finds as facts that the dam was built of sawed timbers, 12x12 inches, placed one above the other, and, at the time of the trial, consisted of three tiers of such timbers, with a decking of about four inches, and that this created the damage complained of; and he finds that this dam would create some rise in Rock Creek, upon which plaintiff's lands are situated—from a foot to a foot and a half above its normal condition—and then says: "At what particular height it can be maintained without injuring him is not so clear. Relatively speaking, a two-foot dam would affect Rock Creek but slightly, and we entirely agree with the judgment of the learned trial court that it ought to be abated to that height from the lowermost portion of the bed of the stream." Thus it will be seen that the decree reduces the dam only by removing from it one timber and the decking as it stood at the time of the trial. It is also plain that no change can be made in the decree without a retrial of the suit; nor are we convinced that a retrial would result differently.

2. The supreme court, equally with other courts, is subject to the rule that a court loses jurisdiction of a cause in which final decree has been rendered by lapse of the term. It has power after the term to recall the mandate to correct a misprision of the clerk, settle the cost-bill, or to determine any

other matter relating to its enforcement, but not· to qualify or modify that which the court has once finally determined: 1 Black, Judgments, 153, 154; *Harvey's Heirs* v. *Wait,* 10 Or. 117; *Dray* v. *Bloch,* 29 Or. 347 (45 Pac. 772). The relief sought here is not to make the entry conform to the decree actually rendered, but to change its substance and effect, and is beyond the power of the court; and the motion to recall the mandate is denied.          AFFIRMED: MOTION DENIED.