Argued December 12, 1935; reversed January 7; rehearing denied
February 18; second rehearing denied March 3, 1936.

## BANK OF COMMERCE OF OREGON CITY *v.*
## RYAN ET AL.
(52 P. (2d) 1139)

*O. B. Mount,* of Baker, for appellant.
*W. L. Cooper,* of Portland, for respondents.

RAND, J. This is a suit to foreclose a mortgage on a certain tract of land in Washington county, Oregon, described as the NW¼ and the SW¼ of section 36 in township 1 north, range 5 west of the Willamette Meridian. Pursuant to an order of the circuit court of Clackamas county, sitting as a court of probate, the mortgage was executed on November 22, 1927, by Marshall T. Ryan and Donald J. Ryan as executors of the last will and testament of Thos. F. Ryan, deceased, who died testate on October 20, 1923. The mortgage was given to secure an indebtedness of $22,000 which the testator, at the time of his death, owed to the plaintiff.

The complaint contained three causes of suit separately stated. The first cause of suit was applicable to all the defendants and set up all the usual and essential allegations necessary to the foreclosure of the mortgage, and alleged that each and all the defendants had or claimed to have some right, title or interest in the mortgaged property, but that all said claims, right, title and interest of said defendants were inferior and subject to the lien of plaintiff's mortgage.

The second cause of suit had no application to any of the defendants except W. C. Stumberg, Tekla Stumberg and the Comet Land Company, and, as to them, it alleged that, by reason of certain tax foreclosure proceedings and a tax sale of the mortgaged property, a cloud had been created upon the title to the mortgaged property and that, because of certain alleged irregularities in said proceedings and sale, the tax title of said defendants was null and void, and prayed for the removal of the cloud.

The matters alleged in the third cause of suit were merely in the nature of an action at law to recover damages for a tort based upon the wrongful cutting and

removal of timber from the mortgaged property by the three defendants last above named.

The court sustained a demurrer to each of the two last causes of suit referred to. No amended pleadings were filed by the plaintiff after the demurrer had been sustained and this eliminated from the complaint all but the first cause of suit and entitled the plaintiff to a foreclosure of the mortgage when the facts therein alleged had been established.

All the defendants except W. C. Stumberg, Tekla Stumberg and the Comet Land Company failed to appear or answer. The last three named answered, setting up their claim to the mortgaged property as follows:

"* * * these defendants admit that W. C. Stumberg and Tekla Stumberg have no claim or interest or title in and to the Northwest Quarter and the Southwest Quarter of Section Thirty-six (36) Township One (1) North, Range five (5) West of the Willamette Meridian, but admit that the Comet Land Company, a corporation, claims title to said property, and deny each and every other allegation contained in said paragraph, and the whole thereof."

Upon this state of the pleadings and based wholly thereon so far as the record shows, the trial court entered a decree foreclosing the mortgage but dismissed the suit as to the defendants W. C. Stumberg, Tekla Stumberg and the Comet Land Company, stating in the decree the reason for its action as follows:

"* * * and it appearing to the court that the defendants, W. C. Stumberg, Tekla Stumberg and the Comet Land Company, a corporation, claim herein under an alleged paramount title to the mortgage sought to be foreclosed herein, the validity of said alleged paramount title is not passed upon and the case should be dismissed as to them."

From this part of the decree, the plaintiff has appealed.

As heretofore stated, the complaint, after the sustaining of the demurrer to the second and third causes of suit, stated all the facts essential to the foreclosure of the mortgage and alleged that plaintiff's mortgage was prior in time and right to any lien, claim, right, title or interest of the defendants, or either of them, and prayed for a foreclosure of the mortgage.

■ It will be observed from what has been said that the question of whether the Comet Land Company, or any of the other defendants, had a paramount title in the mortgaged premises was not an issue in the case. All that plaintiff had alleged in the second cause of suit in respect to a defective tax title to the mortgaged premises had been eliminated from the case when defendants' demurrer to that cause of suit had been sustained and thereafter there was no allegation in the complaint or answer setting up any title to the mortgaged premises in the defendants or any of them, except merely defendants' allegation that W. C. Stumberg and Tekla Stumberg "have no claim or interest or title in and to" the premises mentioned in the mortgage, "but admit that the Comet Land Company, a corporation, claim title to said property". This, it will be seen, is not an allegation of a paramount title in the defendants or any of them and was not sufficient to warrant the court in dismissing the case as to these three defendants.

■ In the first cause of suit against which the demurrer was not directed, the plaintiff alleged that the mortgage was a first and superior lien against the mortgaged premises and that the defendants claimed some interest in the property, but that the same was inferior and subject to the lien of the mortgage. This required the defendants to set up in their answer what-

ever right, title or interest they had in the property which they claimed to be superior to the lien of the mortgage. Not having done so, it must be assumed that they had no superior right or interest in the property and, therefore, no defense to the foreclosure of the mortgage, for if they did have such defense they waived it when they failed to answer and set it up. For these reasons, it was error for the court to dismiss the suit and refuse to foreclose the mortgage as to them.

■ However, since the plaintiff, in its second so-called cause of suit, did allege that the Stumbergs and the Comet Land Company, or some of them, had paid some taxes which had been levied against the mortgaged property, these sums, with interest, the plaintiff should repay even though the tax sale itself was void.

The decree, therefore, will be reversed and the cause will be remanded to the court below with directions to foreclose the mortgage as to all the defendants but upon the condition that the amount of taxes so paid with interest shall be first repaid to the party or parties who paid the same.

ROSSMAN, BEAN and BAILEY, JJ., concur.