Argued May 19; affirmed July 7; rehearing denied
September 14, 1937

# BANK OF COMMERCE OF OREGON
## CITY *v.* RYAN ET AL.

(69 P. (2d) 964)

*W. L. Cooper*, of Portland, for appellants.
*J. N. Hart*, of Portland, for respondent.

ROSSMAN, J. The note, mortgage and parties now before us are the same as those in *Bank of Commerce of Oregon City v. Ryan*, 152 Or. 614 (52 P. (2d) 1139). This is a continuation of that controversy. By referring to that decision it will be observed that the suit was begun by a complaint which alleged separately three causes: (a) A cause of suit based upon a note and mortgage executed by the estate of Thomas F. Ryan, deceased. It averred defaults and prayed for judgment on the note and a foreclosure of the mortgage against all of the defendants. (b) A cause of suit affecting only the three defendants who became the appellants in the decision above cited, and who are likewise the only appellants in the present appeal. The complaint averred that they claimed an interest in the land by

reason of a tax foreclosure proceeding which was described in detail. It averred irregularities in the proceedings, declared the foreclosure invalid, and prayed for a removal of the alleged cloud upon the title. (c) The third cause alleged that the three defendants above named wrongfully removed timber from the land described in the mortgage, and asked for an accounting. Demurrers interposed by the above-named defendants were sustained to the two causes last mentioned and the plaintiff pleaded no further. All defendants, except the three just mentioned, defaulted. The latter answered. After the above had occurred, the complaint, as described in the decision under review, "stated all of the facts essential to the foreclosure of the mortgage and alleged that plaintiff's mortgage was prior in time and right to any lien, claim, right, title or interest of the defendants or either of them, and prayed for a foreclosure of the mortgage." The answer of the three defendants, as described in the decision above, made no mention of any interest of the answering defendants in the property "except merely defendants' allegation that W. C. Stumberg and Tekla Stumberg 'have no claim or interest or title in and to' the premises mentioned in the mortgage, 'but admit that the Comet Land Company, a corporation, claim title to said property.' " Upon those pleadings the circuit court entered a decree foreclosing the mortgage, but dismissing the suit as to the three defendants. Our decision reversing that decree, held: "It was error for the court to dismiss the suit and refuse to foreclose the mortgage as to them." It pointed out that since the plaintiff in the second alleged cause of suit had admitted that the Stumbergs or the Comet Land Company had paid taxes assessed against the property, the foreclosure should be conditioned upon

the payment by the plaintiff to those defendants of the taxes which they had advanced. We add that the complaint alleged the plaintiff's existence as a corporation, which averment the answer denied.

After the cause was remanded to the circuit court the three defendants above named, to whom we shall refer as the appellants, tendered for filing an amended answer and moved for privilege to file it. Its admissions and denials were the same as in the original answer. It averred in detail the tax foreclosure proceedings adverted to in the second cause of suit, alleged that they had resulted in a deed to the two Stumbergs, and that the latter later conveyed the property to the Comet Land Company which was described as owner of the property. The proposed answer then concerned itself with the status of the plaintiff. It alleged: "There is not now nor has there been since the 31st day of August, 1931, any such entity having any existence whatsoever as is named and described in the complaint as 'The Bank of Commerce of Oregon City, Oregon, a banking corporation'; that in truth and in fact the Bank of Commerce of Oregon City, Oregon, a banking corporation, went out of existence on the 31st day of August, 1931." It further averred that April 9, 1931, the superintendent of banks of this state filed in the circuit court a proceeding for the liquidation of the plaintiff; that on June 19, 1931, the court, upon his petition, authorized the sale of its assets; that August 31, 1931, the circuit court entered an order which, after reciting completion of the liquidation of the assets, stated: "The liquidation of said bank is hereby declared to be and the same is closed." These averments are followed with a declaration: "Said Bank of Commerce of Oregon City, Oregon, was on the 31st day of August, 1931, wholly and entirely dissolved and terminated for all purposes whatsoever."

This motion was denied, and on July 2, 1936, a decree was entered in conformity with the mandate of this court. It found that the Stumbergs had paid taxes upon the property to the extent of $474.15; that interest upon the same created a total of $521.04; that deduction of $184.80 costs, to which the plaintiff was entitled, left a balance owing to the Stumbergs amounting to $336.24, and directed the court's clerk to pay it to the appellants out of a deposit of $500 made by the plaintiff at the time it filed its complaint.

In August, 1936, the appellant moved to vacate the decree by a motion which mentioned that at the time of its entry "The Comet Land Company had a deed to said property" but which was based upon a contention that at the time of the decree's entry, as well as at the time of the filing of the complaint, the plaintiff had been dissolved. Accompanying the motion was a statement of good faith signed by defendants' counsel in which he stated: "No provision has been made for any liquidating committee to carry on the business and wind up the affairs of said bank." The plaintiff thereupon filed affidavits of the former officers of the bank showing that a liquidating committee had been appointed, that the superintendent of banks had approved its personnel, and that this committee, in cooperation with the superintendent, had performed the duties imposed upon it. No counter showing was made. August 31, 1936, this motion was allowed. In September, 1936, the plaintiff moved the court to reconsider its action in allowing appellants' motion. October 27, 1936, the court vacated its order of August 31, 1936, and reinstated the decree of July 2, 1936.

It is elementary that upon the remand of this cause to the circuit court by us it was the duty of the former to obey the mandate; otherwise litigation would

never end: *Simmons v. Washington F. N. Ins. Co.*, 140 Or. 164 (13 P. (2d) 366); 3 Am. Jur., p. 732, § 1236. Therefore, it was the duty of the circuit court to determine the amount of taxes which the appellants had paid, direct the plaintiff to pay that amount to them and enter a decree foreclosing the mortgage against all. That the court did in the decree which is now under attack. The appellants contend, however, that they discovered after our decision that the plaintiff had been dissolved and that, hence, it was their duty after making this discovery to call the court's attention to it so that it would not enter a decree in favor of a mere name. But the record clearly indicates that on May 16, 1935, during the trial which resulted in the decree which became the subject matter of the first appeal, the defendants were fully aware of the liquidation of the plaintiff's business by the superintendent of banks and of the proceedings in the circuit court attendant thereon. In fact, they offered in evidence, for another purpose, the final report of the bank superintendent's administration of the affairs of the insolvent bank. Appellants' counsel, referring to the report, said: "I will introduce that to show the liquidation and disposition of the assets." We believe that the appellants were as well aware of the facts during the first trial as when they offered for filing the tendered answer. Therefore, if the liquidation involved dissolution, the issue should have been incorporated in the first trial. But the liquidation of a bank's business, involving as it does the termination of its franchise to accept new business, in our opinion, is not tantamount to a dissolution of its corporate existence: *First State Bank of Oklahoma City v. Lee*, 65 Okl. 280 (166 P. 186, L. R. A. 1918B, 609). After the superintendent of banks had liquidated enough of the corporation's assets to pay its depositors in full he delivered

the remaining assets, as directed by § 22-2017, Oregon Code 1930, to the bank's liquidating committee. The bank retained its corporate existence for the purpose of enabling it to liquidate this residue: Section 22-1704, Oregon Code 1930. The present proceeding is a movement toward that end. In our opinion, the corporation still exists for the purpose of winding up its affairs. We have not overlooked the averments of the tendered answer that the plaintiff was dissolved August 31, 1931. Other parts of the proposed pleading set forth the facts and court orders upon which the defendants rely as justification for that conclusion. They merely indicate partial liquidation of the business, but not dissolution of the bank's corporate existence.

The appellants' assignments of error do not include any contention that the circuit court erred when it denied their motion for leave to file the part of the answer alleging the Comet Company's tax title. Moreover, as Mr. Justice RAND very clearly pointed out in the first decision, the complaint invited all of the defendants to set forth any title or interest any of them claimed in the land. None did so. After the first decision it was too late.

All other matters pressed upon our attention at this time are fully disposed of by our former decision.

It follows that the decree of the circuit court is affirmed.

BEAN, C. J., and BAILEY and RAND, JJ., concur.