Argued May 8, remanded May 24, rehearing denied; clarification
allowed June 29, petition for rehearing denied August 1, 1972

JOHNSON ET AL, *Respondents, v.*
CAMPBELL ET AL, *Appellants.*

497 P2d 666
498 P2d 381

*James H. Anderson,* Eugene, argued the cause for

appellants. With him on the briefs were Thompson, Mumford & Woodrich, Eugene.

*Robert W. Hill,* Eugene, argued the cause for respondents. On the brief were Hill & Schultz, Eugene.

O'CONNELL, C. J.

This is an appeal from a decree entered on a mandate of this court in the case of *Johnson v. Campbell,* 259 Or 69, 487 P2d 69 (1971). Defendants contend that the trial court erred in formulating the decree upon remand from this court.

On the original appeal the only question presented was the construction of a provision of a contract requiring that "all deeds shall contain a clause providing that all property shall be for residential use only * * *."

The trial court construed the provision to mean that the property was to be used exclusively for single family residence purposes. We reversed, holding that the restriction was not intended to preclude the construction of multiple family units. We remanded the cause "with directions to enter a decree consistent with this opinion."

To make the decree consistent with our opinion it was necessary only to revise that part of the decree which provides that "such restrictive covenants prevent the building of multiple family units on said property." This revision could be effected simply by inserting and adding the words "do not" to the decree so that it reads "such restrictive covenants do not prevent the building of multiple family units on said property."

■ In all other respects the original decree of the trial court stands as it was entered inasmuch as there was no appeal from the decree on any other ground than the scope of the restriction. Any other issues which are still alive and not barred by the doctrine of res judicata can be raised only by another suit or action.

The cause is remanded with directions to revise the original decree as explained above.

**ON PETITION FOR REHEARING**

Hill & Schultz, Eugene, on the petition.
No appearance contra.

O'CONNELL, C. J.

Plaintiffs seek a rehearing for the purpose of clarifying this court's opinion of May 24, 1972, 497 P2d 666, in which we remanded for revision an amended decree entered by the trial court after our initial decision in this case, *Johnson v. Campbell,* 259 Or 69, 487 P2d 69 (1971).

Plaintiffs now contend that if the trial court adopts a literal interpretation of our most recent opinion there is danger that they will be denied certain rights which, they argue, were properly granted by the trial court's amended decree entered upon our remand in the original appeal.

In the opinion on the second appeal it was our purpose to make clear that only one issue was raised on the original appeal and that upon remand the original decree could not, by modification, be used as a vehicle for determining other issues which defendants raised upon their second appeal. We did not intend to say that the wording of the original decree should be preserved even though it would be inconsistent with the rationale of our original opinion.

Upon remand the trial court entered an amended decree which made the modifications in the original decree necessary to carry out our mandate. Since the amended decree is consistent with the basis for our first opinion, we confirm it as carrying out our original mandate. In all other respects we adhere to our opinion of May 24, 1972.

The petition for clarification of our opinion is therefore allowed.