WALKER et ux, *Respondents—Cross-Appellants,*
*v.*
BAKER et ux, *Appellants.*
(No. 36915, SC 25284)

582 P2d 7

Carlton D. Warren, of Solomon, Warren, Killeen & Kirkman, Portland, argued the cause and filed briefs for appellants.

David G. Frost, of Frost & Hall, Hillsboro, argued the cause and filed briefs for respondents/cross-appellants.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

PER CURIAM.

## PER CURIAM.

Plaintiffs filed this suit for specific performance of an earnest money receipt wherein defendants agreed to sell to plaintiffs a house and small acreage in Washington County. The trial court allowed specific performance, and defendants appeal. We affirm.

On June 1, 1976, defendants executed an earnest money receipt prepared by their realtor agent to sell plaintiffs the real property for $48,000, with $500 received as earnest money, $3,500 to be paid on acceptance of title and delivery of a sales contract, and the balance of $44,000 to be paid in monthly installments of $339 starting July 15, 1976.

Subsequently, the defendants refused to proceed with the sale on the grounds the plaintiffs failed to purchase certain farm personal property for $4,000 as part of the sale.[1]

The trial court entered findings that defendants knew the value of their property and established the purchase price of $48,000 as entered in the earnest money receipt and that the sale was not conditioned upon the purchase by plaintiffs of the items of personal property.

The thrust of defendants' defense, both in their answer and in the trial court, is that the sale was conditioned on plaintiffs' purchase of the farm personal property. The defendants contended that without a sale of the personal property to plaintiffs they would not receive enough funds from the down payment to purchase another place.

---

[1]Defendants, in their answer to plaintiffs' complaint for specific performance, alleged the executed earnest money receipt was delivered to their broker on condition the personal property be sold to plaintiffs, that the sale price was inadequate, and that after plaintiffs refused to purchase the personal property, "[d]efendants thereupon immediately rescinded their said conditional delivery and cancelled the said negotiations for the sale and purchase for the said real property, prior to the time any contract whatsoever was prepared, agreed upon or ordered by any party."

■■    The earnest money receipt did not include any reference to a sale of personal property. The record shows that defendants wanted to sell the property to plaintiffs and that plaintiffs were interested in purchasing but were unable to secure the additional financing. If the sale were a condition, it was not communicated to plaintiffs. While we review de novo, we agree with the findings of the trial court that the sale of the real property was not conditioned on plaintiffs' purchase of the farm personal property.[2]

■    The plaintiffs have filed a cross-appeal, contending that the trial court should have awarded them attorney fees. As the earnest money receipt provided for attorney fees in any suit or action brought on the earnest money receipt, plaintiffs were entitled to reasonable attorney fees.

Affirmed and remanded for further proceedings consistent with this opinion.

---

[2]The defendants argue that the court's findings are incomplete. We do not agree, as they covered the basic issues.

We do not see how defendants can argue that the sale price and down payment were inadequate when they established both amounts.

Defendants' contention in their brief that the earnest money receipt is not sufficiently detailed to allow specific performance is not valid because defendants took the position that the agreement was terminated when the plaintiffs failed to purchase the personal property. *See Oates v. Stump,* 279 Or 397, 569 P2d 7 (1977).

Defendants' argument that the conditional delivery of the earnest money receipt to the broker constituted a unilateral mistake is equally unsupported.