Argued and submitted October 29, affirmed as modified
and remanded with instructions December 10, 1979,
reconsideration denied March 13, petition for
review denied April 22, 1980 (289 Or 71)

# WALKER, et ux,
## *Respondents,*
### *v.*
# BAKER, et ux,
## *Appellants.*

## (No. 36-915, CA 13108)

603 P2d 1193

Carl F. Jepsen, Portland, argued the cause for ap-
llants. With him on the briefs were Warren & Kirk-
an, Portland.

David G. Frost, Hillsboro, argued the cause for
spondents. On the brief was Frost & Hall, Hillsboro.

[501]

Before Schwab, Chief Judge, and Buttler and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is the continuation of a dispute that started in 1976 over whether defendants will ever perform their agreement to sell real property to plaintiffs. In 1977 the trial court first decreed specific performance of defendants' agreement to do so. In 1978 the Supreme Court affirmed. *Walker v. Baker,* 283 Or 231, 582 P2d (1978). In entering the Supreme Court's mandate, the trial court again decreed that defendants perform their agreement to sell their property to plaintiffs. In this appeal defendants contend the trial court erred in two respects in its order entering the Supreme Court's mandate.[1]

Defendants first complain about the trial court's setting a new date for the transaction to be closed in escrow. Their contention is absurd. The trial court's original decree was entered June 10, 1977, and directed that the transaction be closed on June 15, 1977. Defendants appealed and filed a supersedeas bond that stayed the decree. The Supreme Court affirmed the specific performance decree on August 8, 1978. In entering the Supreme Court's mandate on December 8, 1978, the trial court ordered the transaction be closed on January 15, 1979. Defendants' supersedeas bond filed in this appeal has again stayed the trial court's order.

Obviously, when the question was before the trial court in December, 1978, it was impossible to close the transaction on June 15, 1977—the date originally decreed. It was not error to set a new closing date. We cannot comprehend why defendants are now insisting that the decree against them should require them to do something two years ago—a provision which would, of course, put them in contempt.

---

[1] *Johnson v. Campbell,* 262 Or 500, 497 P2d 666, 498 P2d 381 (1972), implies, albeit without discussion, that the trial court's order is appealable. *Johnson* thus seems to overrule by implication *Apex Transp. Co. v. Garbade,* 32 Or 582, 52 P 573, 54 P 367, 54 P 882, 62 LRA 513 (1898).

Defendants next object to a provision in the trial court's order entering the Supreme Court's mandate to the effect that the company handling the closing of the property transaction in escrow

> "* * * shall not pay the broker's commission specified in the earnest money agreement specifically enforced by this court's prior decree until ordered to do so by defendants or until the dispute between defendants and their realtor has been resolved by a further order of this court."

This provision is addressed to a concern that has nothing to do with these plaintiffs or this case, but rather, a separate dispute between defendants and their realtor, who is not a party to this case. Defendants have proven themselves quite capable of asserting what they believe to be their rights at all levels of the Oregon judicial system, and it is not necessary or appropriate to try to deal in any way with a separate dispute in this case. The above provision should be eliminated.

Affirmed as modified and remanded with instructions to set expeditiously a new date, not in the distant future, for defendants' performance of their obligations.