Argued and submitted June 30, 1982, reversed and remanded with instructions February 16, reconsideration denied March 18, petition for review denied April 26, 1983 (294 Or 792)

BREWER,
*Appellant - Cross-Respondent,*
*v.*
ERWIN et al,
*Respondents - Cross-Appellants,*

(A7604 04893)

BREWER,
*Respondent,*
*v.*
ERWIN et al,
*Appellants.*

(A7709 12910 (Supplemental))
(CA 19391)

658 P2d 1180

Charles Robinowitz, Portland, and Michael H. Marcus, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Lawrence W. Erwin, Bend, argued the cause and filed the brief for respondents - cross-appellants. On the brief was Charles Erwin, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This ought to be the final round in a protracted course of litigation between these parties who once, although it seems unbelievable now, enjoyed an amicable landlord-tenant relationship. This case involves an action by plaintiff (the tenant) for outrageous conduct and for violations of the Oregon Residential Landlord and Tenant Act (ORLTA), ORS 91.700 *et seq.* The first trial resulted in appeals that culminated in a decision by the Supreme Court, *Brewer v. Erwin,* 287 Or 435, 600 P2d 398 (1979), remanding for a new trial. After a second attempt to try the case, which ended in a mistrial, a third trial was held, resulting in a verdict in favor of plaintiff. The trial court, however, granted defendants' motion for a new trial. Plaintiff appeals, and defendants cross-appeal. We first address the appeal.

After trial, defendants filed a 78-page motion for a judgment n.o.v. or, alternatively, a new trial. The trial court granted the motion for a new trial, stating four grounds for its decision. Defendants rely in this court on those four grounds and on all the other reasons stated in their motion. We will address the contentions in defendants' motion that were not relied on by the trial court as best we are able, given the nearly incomprehensible character of some of those "specifications" of error.

■ Several of defendants' contentions concern alleged insufficiency of evidence to show conduct that was outrageous, to prove causation of plaintiff's damages or to warrant submission of punitive damages to the jury. We note first that the evidence here, although not identical in all respects, was substantially similar to that described in the Supreme Court's opinion in *Brewer v. Erwin, supra,* and held sufficient to present a jury question on outrageous conduct. We have reviewed the record of the trial, and there was sufficient evidence from which a jury could have found that the individual defendants, acting on behalf of defendant Marquam Investments, engaged in a course of conduct deliberately designed to inflict emotional distress upon plaintiff; that that conduct was the cause of plaintiff's damages; and that the conduct was of the type that justifies an award of punitive damages. There was also evidence

from which the jury could have found a violation of the ORTLA.

■     Defendants next contended that plaintiff made an election of remedies by proceeding under the ORTLA and may not recover for the same acts as outrageous conduct. Defendants did not raise this issue at trial and are not entitled to a new trial on that basis. *See* ORCP 64B(6).

■     Defendants further contended that the jury's verdict was the result of "passion and prejudice." Defendants have shown no basis for that conclusion.

■     We turn now to the bases upon which the trial court granted a new trial. It gave four reasons, and we will deal with each in turn. First, the court cited the fact that one of plaintiff's attorneys, Michael Marcus, appeared in this case as counsel for plaintiff during his appointment as judge pro tempore in the District Court for Multnomah County. As plaintiff points out, ORS 1.655(3) provides:

> "A judge pro tempore of a circuit court or district court appointed as provided in ORS 1.635 is not eligible to appear as attorney in *that court* in any case tried by a jury at the same term of court during which he served as judge pro tempore." (Emphasis supplied.)

The trial of this case took place in the *circuit* court, not the *district* court in which Marcus was appointed judge pro tempore. In addition, Marcus did not appear before the jury in the trial of this case but was present only for argument to the court. There was no impropriety justifying the granting of a new trial.

■     The trial court also granted the new trial because of what it termed the "misconduct" of plaintiff's counsel in arguing to the jury that defendant Erwin was an attorney who was "breaking the law." There was evidence that Erwin was an attorney. There was also evidence that he had violated the ORTLA, that he had struck plaintiff in the face and that he had engaged in a course of conduct designed to harrass and intimidate her into leaving the apartment she had rented from him. The argument was supported by evidence and was not improper. *See Crossen v. Oliver,* 41 Or. 505, 69 P 308 (1902).[1]

---

[1] We note that defendants' motion for a mistrial was not made until after the jury had retired and was not timely. *See Moody v. Rasmussen,* 274 Or 605, 547 P2d 623 (1976).

■ The trial court further stated that the verdict form that was originally submitted to the jury was confusing on the central issues of the case. The problem arose because the original verdict form first asked if any of defendants had engaged in outrageous conduct and provided spaces for a "yes" or "no" answer. The jury answered "yes." The other questions on the form, with the jury's answers, were as follows:

"2. Which defendants so acted? (check next to appropriate name)

"Warde Erwin         X

"Lavelle Mullennex      X

"3. How much compensation should Suzan Brewer receive as a result of this?

 "$20000

"4. Should defendants or any of them pay punitive damages to Suzan Brewer?

 "Yes X

 "No —

"If your answer is 'no,' proceed to question 6. If your answer is 'yes,' proceed to question 5.

"5. Who should pay punitive damages to plaintiff and in what amount, if any?

"Marquam Investment Corporation

"Warde Erwin       $75000

            None

"Lavelle Mullennex     None."

When the verdict was returned, defendants objected, contending that a mistrial must be declared because the jury impermissibly awarded punitive damages against Marquam when no general damages had been assessed against that defendant. The court and counsel for plaintiff agreed that that was improper. A special verdict form was then submitted to the jury, stating:

"You have returned a verdict of $20,000 against Warde Erwin and Lavelle Mullenex. The Court should have included the name of Marquam Investment Corporation on the verdict form.

"The Court is asking you to consider the question as to whether Marquam Investment is or is not liable to the Plaintiff for the sum of $20,000.

| "Warde Erwin | Yes: | No: |
| "Lavelle Mullenex | Yes: | No: |
| "Marquam Investment Corp. | Yes: | No: ." |

The jury then returned verdicts against all three defendants.

The jury had been properly instructed on agency and the liability of a corporation for the acts of its agents. The instructions had not otherwise differentiated between the individual and corporate defendants. ORCP 59 G(4) provides:

"If the verdict is informal or insufficent, it may be corrected by the jury under the advice of the court, or the jury may be required to deliberate further."

The court property gave the jury an opportunity to correct the problem that had arisen because the original verdict form did not contain the name of Marquam Investments in question number 2. *See Jones v. Montgomery Ward,* 49 Or App 231, 619 P2d 907 (1980); *see also Davis v. Hinman,* 288 Or 505, 605 P2d 700 (1980). The trial court was not justified in granting a new trial on this basis.

■     The final reason given by the trial court for granting a new trial was:

"The Court's instructions with respect to the defendant Mullennex and the status of the plaintiff at the time of the incident complained of in her complaint [were] misleading and contradictory."

It is not clear what instructions the court referred to in this statement. Plaintiff points out that the court instructed the jury that:

"An owner *in possession* of property may use such physical force as is reasonably necessary to expel any person attempting to enter upon the property against the wishes of the owner, unless such person was in possession of the property and has gained such possession in a peaceful and lawful manner.

"A landlord may not evict a tenant or take possession of a dwelling unit by force or threat of force or willfully decrease essential services to the tenant, except if the tenant abandons or surrenders the premises in accordance with the order of the court.

"A landlord does not have a right to use force or threat of force to evict a tenant." (Emphasis supplied.)

Although the first paragraph quoted above does not appear to have much to do with this case, in which the landlord was not in possession, it is not contradictory. The instructions merely deal with two different situations.

■ The court also instructed the jury that it was undisputed that plaintiff was a tenant until mid-1978, when she moved from the apartment. Defendants clearly *did* dispute the fact that plaintiff was a tenant. However, the trial court offered to re-instruct the jury to correct that error, and defendants refused that offer. They may not now contend that the error requires a new trial.

We are completely unable to discover to which instructions regarding defendant Mullennex the trial court referred. Defendants' motion for judgment n.o.v. or a new trial does not point to any misleading or contradictory instructions concerning that defendant.

Defendants' motion contained no sufficient grounds upon which to grant a new trial. *See Snyder v. Hunter Room, Inc.,* 269 Or 536, 525 P2d 1293 (1974). The trial court erred in granting defendants' motion.

Plaintiff also contends that the trial court erred in awarding her only $1,500 in attorney fees under ORS 91.755. She argues that the court erroneously believed that the damages of $2,880 awarded under the ORTLA provided the upper limit on the attorney fees that could be awarded. It does appear that the trial court considered that to be the limit on attorney fees,[2] but we do not see how plaintiff in this situation was harmed by that belief, because the trial court's award did not even approach what it considered to be the maximum.

---

[2] We do not need to address the correctness of this view; However, *see Pio v. Ross B. Hammond Co., Inc.,* 281 Or 517, 576 P2d 341 (1978).

■ ■ Plaintiff further argues that there is no substantial evidentiary basis for the low amount awarded. The amount of attorney fees to be awarded is a question for the trier of fact. *Pritchett v. Fry,* 286 Or 189, 593 P2d 1133 (1979). The parties here agreed that the amount of attorney fees could be set by the court. In an action at law, the amount of attorney fees awarded has the same force as a jury verdict and may be set aside only if not supported by substantial evidence. *Highway Com. v. Zachary et al,* 230 Or 381, 370 P2d 237 (1962); *Kimball v. Little River Lumber,* 44 Or App 497, 606 P2d 660, *rev den* 289 Or 155 (1980). We cannot say that there was no substantial evidence to support the award.

We will not consider defendants' cross-appeal, because their brief does not comply with the Rules of Appellate Procedure in that it does not set out the pertinent portions of the record involved. ORAP 7.19. We will not search this voluminous record to piece together and try to decipher defendants' arguments.[3]

Reversed and remanded with instructions to reinstate the jury verdict; award of attorney fees affirmed.

---

[3] We note, however, that three of defendants' assignments have probably been addressed in the portion of this opinion concerning the granting of a new trial.