Argued and submitted October 27, 1982, affirmed and remanded with instructions
March 2, 1983

# COOK,
*Respondent,*
*v.*
# DESLER et al,
*Appellants.*

## (CC 78-754; CA A22872)

659 P2d 438

Thomas E. Sweeney, Cannon Beach, argued the cause
for appellants. With him on the briefs was Sweeney &
Casterline, Cannon Beach.

Thomas J. Moore, Hillsboro, argued the cause for respondent. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

This is the second appeal in an ongoing dispute over defendants' agreement to sell to plaintiff the stock of a closely held corporation. Defendants refused to perform, and plaintiff brought suit for specific performance. The trial court held that the agreement was not specifically enforceable; we reversed on May 4, 1981. *Cook v. Desler,* 52 Or App 5, 627 P2d 885 *rev den* 291 Or 368 (1981). This appeal is from the trial court's judgment on remand.

Following the first appeal, the trial court ordered the parties to close the transaction within 30 days. As a result of a series of delay tactics on defendants' part, which we need not detail here, the transaction was not closed. It is apparent that defendants were determined to demonstrate that the agreement could not be specifically enforced; in fact, they now contend that we should overrule our prior opinion. On November 12, 1981, the trial court finally ordered defendants to complete the sale by noon the following day, in default of which the judgment would be deemed equivalent to execution of the necessary instruments and the closing of the transaction.

Defendants contend, *inter alia,* that, because plaintiff did not tender the down payment by noon on November 13, pursuant to the terms of the November 12 decree, he lost his right to specific enforcement. However, following entry of the November 12 decree, defendants recorded a mortgage on the corporation's property and notified the bank from which plaintiff had obtained a loan commitment for the down payment, causing the commitment to be withdrawn. The mortgage had been given approximately one month earlier to secure a large dividend that had been declared immediately after the court refused defendants' request to adjust the purchase price before ordering specific performance. Because a condition of plaintiff's loan was the corporation's maintaining a certain asset-debt ratio, the bank refused to complete the loan. Plaintiff raised the money despite that setback and made the down payment within a few days.

It seems apparent that at least one of defendants' purposes in recording the mortgage and notifying plaintiff's bank was to frustrate plaintiff's ability to tender the

down payment. Given that conduct, defendants are in no position to complain of the late payment.

We have reviewed defendants' other assignments of error and conclude that there was no error. However, because of the expiration of time since the trial court's order fixing the closing date at November 13, 1981, a new date must be set for closing on remand. The delays in closing the transaction have been caused by defendants, so plaintiff should not suffer as a result of them. In the trial court, defendants contended that the closing date should remain as it was under the agreement, but now say they would be content to have it at November 13, 1981, the date finally set by the trial court. Plaintiff points out that if we leave that closing date, further disputes will develop to his prejudice on remand. We agree with plaintiff that a new closing date is appropriate. *See Walker v. Baker,* 43 Or App 501, 603 P2d 1193 (1979), *rev den* 289 Or 71 (1980). The judgment is otherwise affirmed.

Affirmed and remanded with instructions to set a date for closing to take place within 30 days following the effective date of the decision herein.