REXNORD, INC. et al,
*Appellants - Cross-Respondents,*

*v.*

FERRIS et al,
*Respondents - Cross-Appellants.*

(A8006-03115; CA A27930)

684 P2d 26

James N. Westwood, Portland, argued the cause for appellants - cross-respondents. With him on the briefs was Miller, Nash, Yerke, Wiener & Hager, Portland.

Michael B. Wallstein, Portland, argued the cause for respondents - cross-appellants. With him on the brief was Bernard, Hurley, Crawford & Kneeland, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

On remand from the Supreme Court, *Rexnord Inc. v. Ferris,* 294 Or 392, 657 P2d 673 (1983), the trial court entered a supplemental judgment in plaintiff's favor for punitive damages in the amount of $35,000, "with interest at the statutory rate until paid." Plaintiffs appeal, contending that the trial court erred in refusing to award interest from the date of the original judgment. Defendants cross-appeal, contending that the trial court erred in refusing to take further evidence as to the amount of punitive damages and in entering judgment for $35,000.

We need not repeat the factual background of this case; we need only consider the issues raised by the entry of judgment following remand. We begin by noting the substance of the Supreme Court's opinion requiring the trial court to enter the judgment for punitive damages. That opinion made no mention of an award of interest;[1] it specifically provided that the trial court's findings on the amount of punitive damages was conclusive:

> "Because the trial court made appropriate findings for the punitive damages issues, we need not remand for further proceedings to determine the amount of punitive damages. We commend the trial judge for deciding the question of fact as he did, thus avoiding the necessity of a second trial on the punitive damage claim.

> "Accordingly, we reverse the Court of Appeals and remand the case to the trial court for the entry of a judgment which includes an award of $35,000 in punitive damages." *Rexnord Inc. v. Ferris, supra,* 294 Or at 402. (Footnote omitted.)

It is axiomatic that, upon the remand of a case from an appellate court, the lower court is required to comply fully with the appellate court's opinion. *See Bank of Commerce v. Ryan,* 157 Or 231, 69 P2d 964 (1937); *Troutman v. Erlandson,* 49 Or App 675, 619 P2d 1366 (1980). It is the duty of the lower court to enter the ordered judgment or decree without modification of any kind. *Krause v. Oregon Steel Co.,* 50 Or 88, 91 P 442, 92 P 810 (1907). Applying these principles, we conclude

---

[1] Under ORS 82.010 (*amended by* Or Laws 1981, ch 412, § 1), interest on judgments and decrees accrues only from the date of entry of the judgment or decree, unless some other date is specified.

that the opinion of the Supreme Court mandating the punitive damages award deprived the trial court of authority to award interest from the date of the original judgment or to reconsider the amount of punitive damages. Either action would have modified the judgment directed by the Supreme Court.

Although the Supreme Court's decision is unambiguous as to the amount of $35,000, defendants argue in their cross-appeal that the trial court has discretion to hear further evidence and redetermine the amount of punitive damages. Defendants cite no authority for that contention, and our research has revealed none. We reject it.

A more difficult question is raised by the appeal. Plaintiffs contend that the trial court was required to add interest on the $35,000 from the date of the original judgment, although the Supreme Court made no mention of interest whatsoever. Plaintiffs argue that the Supreme Court did not vacate but merely modified the trial court's original judgment and that, under *Pearson v. Schmitt,* 260 Or 607, 492 P2d 269 (1971), interest on a modified judgment accrues from the date of the original judgment. *Pearson* also states as an exception to the general rule:

> "[I]f the action of the appellate court in reversing the opinion of the lower court has the effect of wiping out the original judgment, then interest should run only from the time when the amount of the new award is fixed, whether that is done directly by the appellate court or by the trial court's compliance with the appellate court's mandate." 260 Or at 609.

Here, the trial court's opinion that punitive damages were not recoverable was reversed by the Supreme Court, and the original judgment for defendants on the issue of punitive damages was "wiped out." Under the exception to the rule, interest would run from the time the amount of "the new award" was fixed by the Supreme Court.

As an alternative argument, plaintiffs contend that, even if the judgment on remand is a new judgment, the trial court's original finding that an appropriate amount of punitive damages would be $35,000 is equivalent to determining a liquidated sum, and that under *Public Market Co. v. Portland,* 171 Or 522, 130 P2d 624, 138 P2d 916 (1943), they are entitled to prejudgment interest from the date of that

finding. We disagree. Although *Public Market Co. v. Portland* and its progeny provide that prejudgment interest on readily computable compensatory damages for breach of contract is proper, we find no authority extending that rule to punitive damages, which are not readily computable, and we decline to do so here.

Plaintiffs' reliance on *Gow v. Multnomah Hotel, Inc.*, 191 Or 45, 224 P2d 552, 228 P2d 791 (1951), and *Huston v. Trans-Mark Services,* 45 Or App 801, 609 P2d 848, *rev den* 289 Or 587 (1980), also is misplaced. In *Gow,* on reversing a judgment for the defendant, the Supreme Court first issued a mandate making no provision for interest. The plaintiff, contending that he was entitled to interest from the date of the verdict and that, under the mandate issued, interest would not commence to run until judgment was entered pursuant to the mandate, moved for recall of the mandate and issuance of an amended one directing the trial court to enter judgment for plaintiff with interest from the date of the verdict. The Supreme Court recalled its mandate and, concluding that it "should direct such judgment to be entered," decreed that the plaintiff's judgment should include interest from the date of the verdict. Here, plaintiffs have not moved the Supreme Court to recall its mandate. In effect, they are asking this court to do what they failed to request of the Supreme Court. We cannot. In *Huston,* we reversed a judgment for the defendant and directed entry of a judgment for the plaintiff together *with interest from the date of the original verdict.* 45 Or App at 812. That case does not involve a judgment entered on remand from an appellate court decision that made no provision for interest and is, therefore, inapposite.

We conclude that it was not error for the trial court to refuse to hear evidence on the amount of punitive damages but that it should have included in the judgment for plaintiff interest at the statutory rate from January 18, 1983, the date of the Supreme Court's decision.

Remanded with instructions to enter judgment for plaintiff for $35,000 plus interest at the legal rate from January 18, 1983.