On appellant - cross-respondent's and respondents - cross-appellants' motion to clarify opinion filed August 8, and August 10, request for clarification granted; former opinion filed February 16, 1983 (61 Or App 642, 658 P2d 1180, *rev den* 294 Or 792) clarified November 14, reconsideration denied February 8, denial of reconsideration withdrawn April 24, petition for review denied April 2 (299 Or 31), denial of petition for review withdrawn April 30, 1985 (299 Or 118)

Reconsideration allowed August 28, 1985

See 75 Or App 132, 705 P2d 242 (1985)

## BREWER,
*Appellant - Cross-Respondent,*

*v.*

## ERWIN et al,
*Respondents - Cross-Appellants,*

(A7604 04893)

## BREWER,
*Respondent,*

*v.*

## ERWIN et al,
*Appellants.*

(A7709 12910 (Supplemental))
(CA 19391)
690 P2d 1122

Lawrence W. Erwin, Bend, for respondents - cross-appellants.

Charles Robinowitz, Portland, and Michael H. Marcus, Portland, for appellant - cross-respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This case is before us on both parties' applications for clarification of our original opinion, *Brewer v. Erwin,* 61 Or App 642, 658 P2d 1180, *rev den* 294 Or 792 (1983).

In that opinion, we reversed and remanded with instructions to the trial court to "reinstate the jury verdict." 61 Or App at 649. On remand, Presiding Judge Crookham was confronted with conflicting arguments of plaintiff and defendant relating to the date from which interest was to accrue on plaintiff's judgment. The point of contention is the wording in our opinion instructing the trial court to "reinstate the jury verdict." Plaintiff points out that the original jury verdict had, in fact, been reduced to a judgment in her favor on October 21, 1980. The trial court's order awarding defendants a new trial was entered later. Plaintiff argues that our direction to "reinstate the jury verdict" should be read to mean to reinstate the October 21, 1980, judgment, pursuant to which she would now be entitled to have interest on her judgment from the date provided therein, June 20, 1980. Defendant argues that the actions of this court "wiped out" the original judgment and that, therefore, interest will not accrue until a new judgment order is entered. *See Rexnord, Inc. v. Ferris,* 69 Or App 146, 149, 684 P2d 26 (1984). To resolve the issue, Judge Crookham suggested to the parties that they request a clarification of our opinion. Plaintiff and defendant both filed the present motions. We conclude that we are authorized to entertain them.

■ As a general rule, an appellate court has only the jurisdiction granted it by constitution or statute. *Livesley v. Krebs Hop Co.,* 57 Or 352, 356, 97 P 718 (1910). Accordingly, such a court has no original jurisdiction, *but see* Or Const, Art VII (Amended), § 2 (Supreme Court has original jurisdiction to issue writs of mandamus, habeas corpus and quo warranto), although exceptions have evolved from the general rule. *See, e.g., Livesley v. Krebs Hop Co., supra* (appellate court has jurisdiction to issue temporary restraining order).

■ It has long been recognized that an appellate court "as incident to its appellate jurisdiction * * * has such inherent powers as are necessary to enable it effectually to exercise such jurisdiction." *Livesley v. Krebs Hop Co., supra,* 57 Or at 356. The Supreme Court in *Livesley* had been asked to issue a

temporary restraining order to stay the execution of a judgment issued by the trial court. The court looked to Article VII, section 6, of the Oregon Constitution, which states in pertinent part: "The Supreme Court shall have jurisdiction only to revise the final decisions of the circuit courts." Analyzing similar provisions in other state constitutions, other states' caselaw and treatises on the subject, the court concluded that it is not wholly restricted to those powers granted by a constitution or statute but that it also had the "power, as incidental to its jurisdiction, to issue a restraining order when necessary to aid or protect its appellate jurisdiction." *Livesley v. Krebs Hop Co., supra,* 57 Or at 357.

■　Logic would dictate that clarifying one of our opinions in order to facilitate court action in accord with our instructions falls within the bounds of our inherent power to "aid" our jurisdiction. There is authority which appears to support the extension of the inherent power in analagous situations.

In *Krause v. Oregon,* 50 Or 88, 91 P 442, 92 P 810 (1907), the Supreme Court had affirmed an injunction prohibiting the defendant from maintaining a dam on a river. However, after the decree had been entered in the trial court on remand, the defendant filed a motion with the Supreme Court to recall its mandate because the lower court decree had actually been intended only to lower the height of the dam, not remove it entirely. The Supreme Court denied the motion, stating that it did not have the power to

"qualify or modify that which the court has once finally determined * * *. The relief sought here is not to make the entry conform to the decree actually rendered, but to change its substance and effect, and is beyond the power of the court." 50 Or at 92.

In our case, however, plaintiff and defendant have asked us to clarify our opinion; they want to know what we intended not to qualify or modify it. We are not therefore being asked to change the opinion's "substance and effect" but to make our instructions "conform to the decree actually rendered," *i.e.,* to clarify what we said.

In *Carpenter v. Carpenter,* 153 Or 584, 56 P2d 1098, 58 P2d 507 (1936), a suit was brought by the wife against her husband requesting an accounting of properties acquired

during their marriage. The trial court entered a decree from which the husband appealed. The Supreme Court modified the decree. The wife then filed a petition for rehearing arguing a matter raised in her original briefs. The petition was denied. The court, however, took the opportunity to change an ambiguous description appearing in its earlier opinion. The unclear description of the wife's stock holdings (*i.e.*, "about 750 shares") was replaced with a detailed description conforming with what the court had had the "intention to declare" in its previous opinion. *Carpenter v. Carpenter, supra*, 153 Or at 607.

*Johnson v. Campbell*, 262 Or 500, 497 P2d 666, 498 P2d 381 (1972), a case somewhat analagous to ours, appears to be most helpful. The Supreme Court had remanded the case with instructions to revise an amended decree.[1] The language of the instruction was:

"In all other respects the original decree of the trial court stands as it was entered inasmuch as there was no appeal from the decree on any other ground than the scope of the restriction. Any other issues which are still alive and not barred by the doctrine of res judicata can be raised only by another suit or action.

"The case is remanded with directions to revise the original decree as explained above." 262 Or at 502.

The plaintiffs filed a petition for rehearing and a petition seeking clarification of the opinion. They argued

"that if the trial court adopts a literal interpretation of [the court's] most recent opinion there is danger that they will be denied certain rights which * * * were properly granted by the trial court's amended decree entered upon [the court's] remand in the original appeal." 262 Or at 503.

The court denied the petition for rehearing but granted the petition for clarification. In granting the petition Justice O'Connell explained the purpose of the court's opinion and what it had intended the wording of the original decree should be. 262 Or at 503.

We conclude that we have the authority to clarify our opinion. As in *Johnson,* where there was a dispute over what the Supreme Court had instructed the trial court to "reverse,"

---

[1] The amended decree had earlier been entered by the trial court after a previous decision by the Supreme Court on the same issues.

we are asked here to clarify what "reinstate the jury verdict" means. Both plaintiff and defendant have requested clarification; until they have it, they are in limbo, unless the presiding judge were to assay a "guess," with another appeal virtually certain to follow.

As to the merits, plaintiff's position is correct. *See Gow v. Multnomah Hotel, Inc.,* 191 Or 45, 224 P2d 552, 228 P2d 791 (1951); *Huston v. Trans-Mark Services,* 45 Or App 801, 609 P2d 848, *rev den* 289 Or 587 (1980).

Request for clarification granted. Former opinion clarified by directing reinstatement of the original judgment, with interest accruing from June 20, 1980.