On appellants' motion to recall appellate judgment and clarify opinion filed November 12; on respondents' response to motion to recall appellate judgment and clarify opinion filed December 6, opinion filed March 31, 1999 (159 Or App 391, 977 P2d 416), motion denied March 1, 2000

## CENTRAL OREGON FABRICATORS, INC.,
an Oregon corporation,
and Jack Rhoden,
*Respondents,*

*v.*

## Alan HUDSPETH,
Barry Hudspeth,
and F & M Realty Company, Inc.,
an Oregon corporation,
*Appellants.*

(95-3546; CA A99398)

998 P2d 740

Thomas W. Sondag and Lane Powell Spears Lubersky LLP for appellants.

James N. Westwood, Charles F. Adams, Hurley Lynch & Re, P.C., Gregory P. Lynch and Stoel Rives LLP for respondents.

Before Linder, Presiding Judge, Deits, Chief Judge,* and Wollheim, Judge.**

LINDER, P. J.

---

* Deits, C. J., *vice* Haselton, J.
** Wollheim, J., *vice* De Muniz, P. J.

## LINDER, P. J.

Defendants ask us to recall our appellate judgment in this case and clarify our opinion. 159 Or App 391, 977 P2d 416, *rev den* 329 Or 10 (1999). For the reasons that follow, we deny their motion.

This appeal arose out of an action to quiet title in real property. In their complaint, plaintiffs alleged that they owned the property in question, that a deed granted defendants rights to hunt on the property, that defendants had abandoned their hunting rights, and that plaintiffs were therefore entitled to exclusive use of the property. Alternatively, plaintiffs claimed that defendants' hunting rights were strictly personal to defendants and that they could not sell them. Defendants raised several counterclaims in response, three of which are relevant for present purposes. Their counterclaims sought: (1) a declaration that defendants have rights to hunt on the property and that those rights are assignable without reservation; (2) an injunction against plaintiffs' interference with defendants' rights; and (3) damages caused by plaintiffs' interference with defendants' rights. After hearing all but the damages claim, the trial court found that defendants had abandoned their hunting rights. The trial court further found that, even if the rights were not abandoned, plaintiffs' adverse possession of the property extinguished defendants' rights. The trial court entered judgment for plaintiffs, and defendants appealed.

In our opinion resolving the appeal, we concluded that the record did not support a determination that defendants had abandoned their hunting rights. 159 Or App at 402. As to the trial court's alternative ruling that defendants' rights were extinguished by plaintiffs' adverse possession of the property, we agreed with defendants that plaintiffs had not pleaded that theory. We concluded, therefore, that the trial court erred in awarding plaintiffs relief on that ground. *Id.* at 403. Given our conclusion, we found it unnecessary to address whether the evidence was sufficient to support a determination of adverse possession. *Id.* at 404 n 11. Our disposition of the appeal was as follows:

"Judgment declaring [deed] void and quieting title in favor of plaintiffs reversed; judgment dismissing defendants' first, second, and fourth counterclaims reversed and remanded for further proceedings; otherwise affirmed."

*Id.* at 407.

On remand, the trial court has concluded that our opinion "left open the issue of adverse possession on the merits and remanded the case [to the trial court] to proceed further with [defendants'] counterclaims." In proceeding on the counterclaims, the trial court has allowed plaintiffs to file a reply to the counterclaims asserting adverse possession as a defense. That ruling prompts defendants' motion asking us to recall the appellate judgment and clarify our opinion. Defendants assert, as they did on remand in the trial court, that our opinion "finally determined the issue of adverse possession"; that we made "findings" on appeal that "preclude" plaintiffs from trying the adverse possession issue; and that some of the counterclaims were decided in the initial trial and should not be the subject of further proceedings on remand.

■ For present purposes, we accept that we have the inherent authority to recall our appellate judgment to clarify an opinion when to do so will aid the trial court in following it on remand. *See generally Brewer v. Erwin*, 70 Or App 709, 711-12, 690 P2d 1122 (1984), *modified on other grounds* 75 Or App 132, 705 P2d 242, *rev den* 300 Or 162 (1985) (despite issuance of appellate mandate, appellate court, as part of its inherent authority to act in aid of its own jurisdiction, may clarify its opinion to facilitate trial court action in accord with that opinion). We further assume—but we specifically do not decide—that we have such authority even where an aspect of the opinion on which a party seeks clarification could have been raised in the ordinary course by way of a motion for reconsideration filed within 21 days of the date of our opinion. *See* ORAP 6.25.[1] We decline, however, to exercise whatever authority we have to clarify the opinion in this instance.

_____

[1] Defendants urge that they had "no inkling" that plaintiffs would seek to raise adverse possession on remand or that the trial court would construe our opinion as not foreclosing consideration of the merits of that defense. That much may be true. Defendants further contend, however, that two of the counterclaims were fully tried and determined in the initial trial and therefore further proceedings on them

The trial court's rulings to which defendants point are neither inconsistent with our opinion nor beyond the scope of our remand. We would not be acting "in aid of our jurisdiction" to clarify our opinion in the face of trial court proceedings that fully accord with it.

Motion to recall appellate judgment and clarify opinion denied.

---

are not appropriate. That contention readily could have been raised in a petition for reconsideration given our explicit description of the counterclaims having been dismissed as "moot" by the trial court and our equally explicit reversal of the dismissal and remand for further proceedings on the counterclaims. *See* 159 Or App at 406-07.